IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY L. SMITH, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-22-523 |
| WARDEN ARMSTEAD, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented plaintiff, Gary L. Smith, Jr., an inmate presently incarcerated at Eastern Correctional Institution in Westover, Maryland, and formerly incarcerated at Patuxent Institution in Jessup, Maryland, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Warden Laura Armstead, Lieutenant Sheryl S. Goldman, Sergeant Mathai Rajan, Captain Crystal Bunn, and three unnamed officers.  ECF No. 1.  Mr. Smith alleges that, while he was held at Patuxent Institution, he was subjected to various violations of his Constitutional rights including denial of access to the grievance process, denial of access to the law library, deprivation of personal property, and denial of adequate medical care.  Mr. Smith also makes various complaints regarding prison conditions.  *Id*.  In a supplement to his Complaint, Mr. Smith clarified that seeks monetary damages.  ECF No. 12.

On December 20, 2022, Defendants filed a Motion to Dismiss, or in the Alternative for Summary Judgment.  ECF No. 18.  On February 16, 2023, Mr. Smith filed his Response in Opposition to the Defendants' dispositive motion.  ECF No. 25.  On September 16, 2023, this Court issued an order dismissing all of Mr. Smith's claims except his claim that Defendants denied him adequate medical care for smoke inhalation following fires that occurred on his tier.  ECF Nos. 31, 32.  Defendants were provided an opportunity to file a renewed Motion for Summary

Judgment as to this claim, which they did.[1] ECF Nos. 32, 35. Mr. Smith was advised of his right to oppose Defendants' Motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975); to date, he has not filed a response. ECF No. 36.

The court has reviewed all submission; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, by separate order, Defendants' Motion for Summary Judgment will be granted.

## BACKGROUND

### A. Mr. Smith's Complaint

Mr. Smith's verified Complaint alleges that on November 19, 2019, inmates on the administrative segregation tier, M-3, at Patuxent Institution set a fire in protest of their conditions of confinement. Compl., ECF No. 1 at 3. Defendants Captain Bunn, Lieutenant Goldman, Sergeant Rajan, and three other officers responded to the fire alarm. *Id*. One officer put out the fire; others officers opened windows as the fire continued to smolder. *Id*. The hallway filled with smoke and Mr. Smith had difficulty breathing. *Id*. Other inmates asked to be removed from the tier. Sgt. Rajan told them they would remain in their cells. *Id*. Mr. Smith informed Lt. Goldman of his history of asthma and difficulty breathing, and asked to be moved off the tier. *Id*. Lt. Goldman replied: "'since you all like starting fires, you can just deal with it." *Id*. at 4. Sgt. Rajan repeated this statement; Captain Bunn did nothing. *Id*. A few minutes later, the officers, who had been in the hallway waiting for the smoke to clear, returned to the cells to tell inmates to pack up their property. *Id*. Mr. Smith states that he requested medical care at that time; he also engaged

---

[1] The unnamed officers were never identified or served, and counsel did not accept service on their behalf. In any event, the Complaint alleges only that these unnamed officers merely responded to the fire along with the named Defendants. ECF No. 1 at 3. As such, the Complaint shall be dismissed as to these unnamed officer Defendants pursuant to 28 U.S.C. § (e)(2)(B)(ii) for failure to state a claim.

in an argument with officers regarding confiscation of his property. *Id*. Mr. Smith alleges that he was denied medical care for two weeks following the incident. *Id*. at 3.

### B. Defendants' Renewed Motion for Summary Judgment

Defendants Warden Laura Armstead, Captain Crystal Bunn, Lieutenant Sheryl S. Goldman, and Sergeant Mathai Rajan filed their second Motion for Summary Judgment, arguing that there is no genuine issue of material fact as to whether Defendants deprived Mr. Smith of medical care in violation of his Eighth Amendment rights, because the evidence submitted shows they did not deny him medical care with deliberate indifference to a serious medical need. ECF Nos. 35 and 35-1 at 2. In support of their Motion, Defendants submitted exhibits including grievance procedure records, ECF No. 35-3; a serious incident report regarding a fire on November 18, 2019, ECF No. 35-4; a serious incident report regarding a fire on November 19, 2019, ECF No. 35-5; the affidavit of defendant Captain Crystal Bunn, ECF No. 35-6; copies of post assignment worksheets showing which employees were working in the relevant location at Patuxent Institution on November 18 and 19, 2019, ECF Nos. 35-7 and 35-8; the affidavit of defendant Lt. Sheryl S. Goldman, ECF No. 35-9; and copies of Mr. Smith's medical records from the relevant period, ECF No. 35-10.

Defendants argue they were not deliberately indifferent to Mr. Smith's serious medical need in violation of the Eighth Amendment because there is no dispute that officers responded quickly to the fire, Plaintiff was offered medical care and declined, his medical records show no complaints of difficulty breathing or asthma during the month following the fires, and the records do not reflect any history of asthma. ECF No. 35-1 at 9-10. Defendants also suggest that Plaintiff conflates two separate fires that occurred on November 18 and 19, 2019, and argue that all the

Defendants were not present on both dates. *Id*. at 5-6. Finally, Defendants argue that they are entitled to qualified immunity. *Id*. at 10.

## STANDARDS OF REVIEW

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting FED. R. CIV. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile*

*Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id*. at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That notwithstanding, the court must also abide the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

Mr. Smith claims that he was denied medical care for two weeks following a fire on his tier on November 19, 2019. ECF No. 1 at 3-4. Mr. Smith alleges that after the fire was extinguished and windows were opened, he informed Lt. Goldman that he had a history of asthma

and was having difficulty breathing, and he requested to be moved off the tier. *Id*. at 4. He alleges that Lt. Goldman responded, "'[s]ince you all like starting fires, you all can just deal with it.'" *Id*. Later, officers returned to the tier to collect books and papers, at which point Mr. Smith asked for medical attention. *Id*. at 4. Additionally, Mr. Smith protested the order to pack up his property and threated to "write [the officers] up for abuse of power, forced smoke inhalation, and denial of medical care." *Id*.

To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839, 840; *see also Anderson*, 877 F.3d at 544. Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his[/her] actions were inappropriate in light of that risk.'" *Anderson*, 877 F.3d at 545 (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir.

2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) ("[A] prison official's response to a known threat to inmate safety must be reasonable."). Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)) *see also Jackson*, 775 F.3d at 179 (physician's act of prescribing treatment raises fair inference that he believed treatment was necessary and that failure to provide it would pose an excessive risk).

Here, Mr. Smith alleges that after the fire of November 19, 2019, he complained to Lt. Goldman that he was having difficulty breathing and told her that he had asthma. ECF No. 1 at 4. Instead of providing medical assistance or removing Mr. Smith from the smoky premises, Lt. Goldman allegedly replied, "[s]ince you all like starting fires, you can just deal with it." *Id*. Mr.

Smith alleges that Sgt. Rajan repeated this statement, and that Cpt. Bunn heard the exchange but did not take any action. *Id*. Mr. Smith claims that he continued to request medical assistance but did not receive any medical care for a period of two weeks following the fire. ECF No. 1 at 3-4. Based on the medical records submitted by both parties as well as the uncontested affidavits of Lt. Goldman and Captain Bunn, there is no genuine dispute of material fact that Mr. Smith did not suffer a serious medical condition to which Defendants were deliberately indifferent.

Defendant Lt. Goldman attests that she was working at Patuxent Institution on November 18 and 19, 2024, but she does not recall being present at the time of the fires. She attests further that she did not make the statement "'[s]ince you all like starting fires, you can just deal with it' to any inmates, including Mr. Smith," and that Mr. Smith did not complain to her regarding difficulty with breathing, asthma, or smoke inhalation. ECF No. 35-9 at 1-2. She does not recall Sgt. Mathai Rajan being present at either fire. *Id*. at 2.

Defendant Captain Bunn attests that she was assigned to the 4:00 p.m. to 12:00 a.m. shift on November 19, 2024, so she was not present at the time of the fire on that date, which occurred at 2:40 p.m. ECF No. 35-6. The incident report for this fire does not identify or list Captain Bunn. ECF No. 35-5. Bunn attests that she was working at the time of the November 18, 2024, fire and that "all inmates, including Mr. Smith, were taken to medical for evaluation after exposure to smoke. Mr. Smith refused medical treatment at that time." ECF No. 35-6 at 2; *see also* ECF No. 35-4 (copy of serious incident report). Captain Bunn attests further that Mr. Smith signed a release declining medical treatment following the November 18, 2019, fire. *Id*. The evidence includes a copy of the release form, signed by Plaintiff on November 18, 2019, with a notation that he "refused assessment." ECF No. 35-10 at 2.

8

It is undisputed that medical records reflect: that Mr. Smith saw Nathan McKoy, RNP, on December 6, 2019, for cold symptoms and contact lenses refill; Mr. Smith complained of "fever, congestion and cough," but he had "no audible wheeze, respirations [were] regular;" Mr. Smith has chronic pain syndrome; on December 19, 2019, Mr. Smith saw Andrew Moultrie, MD for pain management regarding a work injury which occurred two years ago; Mr. Smith had no cough or audible wheeze, and his respirations were regular. ECF No. 35-10 at 4, 8. These medical records bear no indication that Mr. Smith has a history of asthma.

Mr. Smith alleges in his Complaint that he had difficulty breathing due to smoke inhalation, which was exacerbated by a history of asthma. Taken as true, the court is satisfied that Mr. Smith alleges an objectively serious medical issue. Based on the evidence submitted by Defendants in support of their motion, which Mr. Smith does not contest, Mr. Smith has failed to general a dispute as to whether he 1) sought medical care or assistance for difficulty breathing following either fire; 2) signed a release form specifically declining medical assistance following one of the fires; or 3) has a recorded history of asthma. It is further undisputed that 1) officers responded promptly to both fires and took action to mitigate the inmates' exposure to smoke; and 2) Mr. Smith was offered and declined medical care as to one of the fires, and did not request medical care as to the other fire. The record bears no evidence that Mr. Smith lodged any complaints or reported symptoms of difficulty breathing, wheezing, or asthma.

## CONCLUSION

Seen in the light most favorable to Mr. Smith, it is undisputed that he did not suffer any serious medical need on the date of either fire to which any Defendant was deliberately indifferent. As such, Defendants are entitled to summary judgment. For the foregoing reasons, by separate order, Defendants' Renewed Motion for Summary Judgment is granted.

/S/

August 26, 2024

                                    Julie R. Rubin
                                    United States District Judge